UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM NIXON,

        Petitioner,                                       Civil No. 05-1621-AC

      v.                                                 ORDER

JEAN HILL,

        Respondent.

HAGGERTY, Chief Judge:

      Magistrate Judge Acosta issued a Findings and Recommendation [54] recommending that Petitioner's Amended Petition for Writ of Habeas Corpus [46] should be denied and this proceeding dismissed with prejudice. Objections [55] to portions of the Findings and Recommendation were filed by petitioner. The matter was then referred to this court for review.

      When a party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Findings and Recommendation. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Petitioner's objections were timely. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, petitioner's objections, and the record of the case. This court adopts the Findings and Recommendation.

1  -- ORDER

The Findings and Recommendation examined petitioner's habeas claim that he was deprived of his constitutionally guaranteed right to a fair trial when the state trial court acceded to petitioner's repeated requests that he be permitted to represent himself at trial. Petitioner did not dispute that the trial court conferred with petitioner adequately to confirm that he understood the nature of the charges being prosecuted, the possible penalties, and the dangers and disadvantages of self-representation. This was in accord with clearly established Supreme Court precedent. *See Faretta v. California*, 422 U.S. 806 (1975); *see also United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir. 1987).

Instead, petitioner asserts that *Faretta* should be overruled, and that petitioner should not have been permitted to waive counsel. The attorney who represented petitioner after he sought post-conviction relief (PCR) never raised this argument in state courts after his conviction.

As the Findings and Recommendation recognized, petitioner conceded that this claim was procedurally defaulted, and federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both cause for the procedural default and actual prejudice, or the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. Findings and Recommendation at 5-6 (citations omitted).

The Findings and Recommendation rejected petitioner's argument that his PCR attorney should not be construed as acting as his agent, and that cause exists excusing petitioner from his failure to advance his arguments in PCR proceedings. As the Findings and Recommendation reasoned, Supreme Court precedent recognizes that the errors (or omissions) of counsel do not constitute cause to excuse the default of federal claims unless the counsel's representation was so inadequate that it violated the constitutionally guaranteed right to counsel. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

2 -- ORDER

Petitioner does not allege this degree of inadequate representation, and this court's *de novo* review reveals no evidence to support such a finding. Petitioner's objections to this portion of the Findings and Recommendation challenges the applicability of the *Coleman* decision. The Findings and Recommendation is correctly reasoned, and such objections are overruled.

Petitioner's second objection challenges the Findings and Recommendation's conclusion that the petition should be denied and this action dismissed with prejudice. For this objection, petitioner relies solely upon "the legal argument presented in [petitioner's] Reply to Respondent's Response to Petition For Writ of Habeas Corpus, filed on June 30, 2008." Obj. at 2. The court's *de novo* review encompassed this briefing, along with the case's record. This objection is overruled.

The Findings and Recommendation provided an alternative conclusion that even if petitioner's claim were not procedurally defaulted, its denial would be warranted because the Supreme Court's rulings in *Faretta* remain valid. This conclusion is adopted as well.

## **CONCLUSION**

Petitioner's objections [55] are OVERRULED. The Findings and Recommendation [54] is adopted as follows: Petitioner William Nixon's Amended Petition for Writ of Habeas Corpus [46] is denied and this proceeding is dismissed with prejudice.

IT IS SO ORDERED.

Dated this   24   day of November, 2008.


                                                 /s/ Ancer L. Haggerty   
                                                   Ancer L. Haggerty  
                                          United States District Judge